No. 333.—R. W. TURNER, Under Tutor, *v.* B. F. O'NEAL, Sheriff, et al.

A second note given by the husband after the dissolution of the community by the death of the wife, in renewal of a note which he had gi-en before the dissolution of the community, is not a novation of the first note, and the heirs of the deceased wife have no mortgage on their mother's share of the community property which they can urge as against a creditor who is seeking to enforce payment of the last note by seizure of the property which belongs to the community.

The plea of prescription against a note, based on the ground that the previous note for which. it was given in renewal was prescribed at the time it was given, will fail if the evidence does not disclose the date of the first note.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *Looney & Ashton*, for plaintiff. *Griffin & Snider*, for defendants in injunction, appellees.

LUDELING, C. J. In 1858 R. Y. Graves married Eliza L. Gilmer. In 1859 he borrowed upwards of ten thousand dollars from James W. Vance, for which Graves executed his promissory note. In 1864 Mrs. Graves died. In 1866 R. Y. Graves executed a new note in favor of Vance and took up the old one. Suit was instituted on this last note against R. Y. Graves, and judgment was rendered thereon against him. Execution was issued under this judgment, and the sheriff seized and advertised for sale property belonging to the community of acquets. and gains which had existed between Graves and his wife, and an

undivided interest of Graves in certain other tangible property which was in the possession of the heirs of Mrs. Graves. Whereupon the plaintiffs, heirs aforesaid, enjoined the sale, on the grounds—*first*, that they are the owners of the undivided half of the community property seized; *second*, that the undivided interest of Graves in the corn, cotton and other movables can not be seized without injury and damage to plaintiffs, and is therefore illegal; *third*, because their tutor, R. Y. Graves, has never rendered an account of his tutorship; that J. W. Vance was the under tutor, and failed to require the registry of their mortgage, and that their tutor is largely indebted to them, and they have a mortgage on all his real property to secure their debt.

There was judgment in favor of the defendants, dissolving the injunction and ordering the sale of the property subject to the minors' mortgage. The plaintiff has appealed, and the defendants have prayed for an amendment of the judgment which directs the property to be sold subject to the minors' mortgage.

In this court the plea of prescription against the first note is pleaded; that is, that at the time the second note was executed in 1866, the first note had been prescribed, and the community had been dissolved long before.

The only grounds urged in this court by the plaintiff and appellant are that the old note was novated, and that it was prescribed when the new note was executed by R. Y. Graves.

We are satisfied, from an examination of the evidence in this case, that the old debt was not novated by the execution of the new note; it was merely a renewal of the old debt. The intention of the parties is clearly manifested by the statement at the bottom of the paper upon which the new note is written.

We have looked in vain in the record for any evidence showing when the old note matured. There is, therefore, no grounds for the plea filed in this court, as the proof of it does not appear on the face of the proceedings in the lower court. C. P. 902.

We think the judge *a quo* erred in directing the property to be sold subject to the minors' mortgage. Whether the minors have or have not a tacit mortgage on the property is immaterial in this contest, as it could be no ground for enjoining the sale of the property, if it be admitted that the minors have a mortgage—about which, however, we deem it proper to express no opinion in this case.

It is therefore ordered and adjudged that the judgment of the lower court be amended by annulling that part of it which decrees that the property seized "be sold subject to the general tacit mortgage of plaintiffs," and that as thus amended it be affirmed, with costs of appeal.